## Commonwealth v. Ali, Appellant.

Argued April 14, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*David B. Washington,* for appellant.

*J. McGinley,* Assistant District Attorney, with him *Charles B. Watkins* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 12, 1969:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY SPAULDING, J.:

I respectfully dissent. Appellant Arab Ali was convicted of passing a worthless check in violation of the Act of June 24, 1939, P.L. 872, §854, 18 P.S. §4854. In this appeal from judgment of sentence, he contends that the court below erred in denying his motions for new trial and in arrest of judgment.

The worthless check upon which the prosecution was founded was issued to the Totem Lumber Company on September 9, 1966, in the amount of $349.95. The basic facts surrounding presentation of the check are undisputed. On September 9, appellant signed a blank check which was given to his employe, one Duzan Garmusa. Garmusa took the check to Totem Lumber Company. At the lumber company, the amount of the check was completed by or at the direction of

Garmusa and the check accepted by Totem as payment for materials delivered to Garmusa. The materials delivered to Garmusa were itemized on a three page sales slip and had a total cost of $349.95. The check was twice returned by appellant's bank for insufficient funds.

Appellant testified that on September 8 he had by telephone ordered paint, lumber and nails from Nick Grande, a Totem employe. According to this version of events, Grande advised appellant the total cost of the materials would be about $80 but that as he was not sure of the exact price appellant could send a signed, blank check to be completed on delivery. Appellant specifically denied ordering any of the items listed on the sales slip except the paint, lumber and nails costing $80.

In rebuttal, Grande testified that he could not recall whether appellant had personally placed an order over the telephone. Although not completely clear, Grande's testimony suggests that the sales slip was prepared at Garmusa's direction.

The record contains no testimony indicating appellant personally ordered or authorized Garmusa to purchase any materials beyond paint, lumber and nails having a price of $80. Appellant denied receiving any materials other than those he stated he ordered; the Commonwealth presented no contradictory evidence. The testimony does not indicate that a check for $80 would have been returned for insufficient funds.

The legal question presented is whether, when a check which is incomplete as to amount when signed by the maker is completed and delivered to the payee by the maker's agent, the maker may be convicted of violating §854 without proof that the agent completed the check in an authorized manner.

In my view, the appellant cannot be convicted without such proof. The crime proscribed by §854 consists.

of making a check (1) with knowledge at the time of making that there are insufficient funds in the maker's account to cover it (2) to obtain property or something of value thereby, and (3) with intent to defraud. *Commonwealth v. Kelinson*, 199 Pa. Superior Ct. 135, 184 A. 2d 374 (1962).

The first element of the crime—knowledge of insufficient funds in the maker's account—impliedly requires knowledge of the amount of the check. The check signed by appellant was incomplete as to amount and there is no evidence that appellant knew of the amount of the check until it was returned by the bank.

Without such evidence appellant's criminal liability rests upon the extent to which he, as principal, may be subject to criminal penalties for the acts of his agent. In *Commonwealth v. Koczwara*, 397 Pa. 575, 155 A. 2d 825 (1959), the Supreme Court explicitly held that vicarious criminal liability could not be imposed upon an employer for the acts of his employees: "It would be unthinkable to impose vicarious criminal responsibility in cases involving true crimes. Although to hold a principal criminally liable might possibly be an effective means of enforcing law and order, it would do violence to our more sophisticated modern-day concepts of justice. Liability for all true crimes, wherein an offense carries with it a jail sentence, must be based exclusively upon personal causation." 397 Pa. at 585.

As *Koczwara* prevents vicarious criminal liability, appellant can be held to have violated §854 only if the incomplete check was completed by his agent in accordance with his authorization. In my opinion, the Commonwealth has not demonstrated this authorization.

Delivery of the incomplete signed check to Garmusa establishes only that Garmusa was authorized to complete the check in some fashion. It gives no clue to the scope of the authority given; it cannot support

a finding that the check was in fact completed in accordance with the terms of the authorization.

As the Commonwealth has not shown that the check was completed in an authorized manner, I believe the court below erred in denying the motion in arrest of judgment.

HOFFMAN, J., joins in this opinion.